Lillian CORDER;  Roberta Lombardo,
Plaintiffs–Appellants,

v.

Brad GATES;  25 unknown named Orange County Deputy Sheriffs;  Frank Fording; 10 unknown named Cudahy Police; Orange County;  City of Bell;  City of Cudahy;  Roy Brown;  County of Los Angeles;  Roy Brown, Defendants–Appellees.

No. 95–55602.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 1996.*

Decided Dec. 27, 1996.

Stephen Yagman, Yagman & Yagman, Venice, CA, for plaintiffs–appellants.

DeWitt Clinton, County Counsel, Los Angeles, CA, Timothy T. Coates, Greines, Mar-

---

* The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34–4.

tin, Stein & Richland, Beverly Hills, CA, for defendant–appellee Roy Brown.

Before: HUG, WIGGINS, and JOHN T. NOONAN, Jr., Circuit Judges.

PER CURIAM:

The district court awarded plaintiffs $90,-333 in attorney's fees after they prevailed in a 42 U.S.C. § 1983 action. *Corder v. Gates,* 688 F.Supp. 1418 (C.D.Cal.1988). Plaintiffs and defendant Roy Brown appealed. The Ninth Circuit reversed and remanded. *Corder v. Gates,* 947 F.2d 374 (9th Cir.1991) *("Corder I")*. On remand, the district court awarded plaintiffs $240,695 in attorney's fees and denied defendant's request for an offset. Defendant appealed. This court reversed and remanded. *Corder v. Brown,* 25 F.3d 833 (9th Cir.1994) *("Corder II")*.

After the second remand, the district court awarded plaintiffs $33,041 plus interest in attorney's fees. Plaintiffs appeal, contending that the district court erred in concluding that they were not the prevailing parties on appeal and thereby not entitled to attorney's fees incurred on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.[1]

## BACKGROUND

*Corder II,* 25 F.3d at 833–41, summarizes in detail the factual and procedural background of this case. We do not have to repeat it here. In *Corder II,* we remanded this matter to the district court as follows: (1) we instructed the district court to recalculate the amount of the attorney's fee award in light of *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); (2) we instructed the district court to award interest on the attorney's fee award under 28 U.S.C. § 1961; and (3) we instructed the district court to deduct the attorney's fees received from settlement with two co-defendants from the total amount of the fee to be awarded.

Additionally, because whether the plaintiffs were the prevailing party on appeal was left unresolved by our remand, we reversed the district court's award of attorney's fees for services rendered on appeal. We then instructed the district court as follows:

> If plaintiffs prevail on either or both issues on remand, then further fees would be proper to compensate for the fees incurred during both the previous appeal and subsequent remand. In addition, fees which have been incurred during this appeal will also be proper.

*Corder II,* 25 F.3d at 841. By "either or both issues," we referred to (1) the remand for recalculation of attorney's fees under *Farrar,* and (2) the offset of attorney's fees received from the co-defendants. The second issue was all but decided, because we had instructed the district court to deduct the amount of attorney's fees received from the settlement from the total amount of fees to be awarded. *Id.* at 840. Accordingly, whether the plaintiffs prevailed on the remand for recalculation of attorney's fees under *Farrar* would determine whether they were entitled to fees on appeal.

Upon remand, the district court started with the initial lodestar figure of $112,916 that it had established at the onset of this fee litigation. The district court reduced this amount by 30% because of "the limited degree of success achieved in relation to the amount sought and time spent, and to take account of the few defendants found liable relative to the number sued." Accordingly, the district court reduced the attorney's fee award to $79,041. Next, pursuant to our instructions, the district court offset this amount against the amount received from settlement. The district court determined that plaintiffs' counsel had received $46,000 in attorney's fees via the settlement with the settling defendants. Consequently, the district court arrived at an unpaid attorney's fee of $33,041. The court awarded interest on this amount under 28 U.S.C. § 1961.

---

1. Defendant's motion for the court to take judicial notice of the briefs and records filed on the two earlier appeals is GRANTED. *See* Fed. R.Evid. 201; *United States v. Wilson,* 631 F.2d 118, 119 (9th Cir.1980).

The district court also determined that plaintiffs were not the prevailing parties on appeal. "At this point, the limited success issue has been resolved unfavorably to the plaintiffs in the sense that they continue to urge that no substantial discount is warranted; and the offset issue was resolved unfavorably by the Ninth Circuit and the dollar impact of the offset produces a lower aggregate fee award today than my first order, which was for an award in the amount of $90,333 (exclusive of interest)." Accordingly, the district court declined to award plaintiffs attorney's fees on appeal.

Plaintiffs appeal the district court's ruling on this final issue only. Contending that they "ultimately won" on the fees issue because they defeated defendant's "no fees at all" position, plaintiffs argue that they are entitled to attorney's fees reasonably incurred in pursuing the three appeals in this case.

## DISCUSSION

We review the district court's award of attorney's fees under 42 U.S.C. § 1988 for an abuse of discretion. *Franceschi v. Schwartz,* 57 F.3d 828, 830 (9th Cir. 1995). However, we review *de novo* any elements of legal analysis which figure in the district court's decision. *Kilgour v. City of Pasadena,* 53 F.3d 1007, 1010 (9th Cir.1995). The district court's factual determinations underlying its finding that plaintiffs were not "prevailing parties" on appeal will not be set aside absent clear error. *Sablan v. Dept. of Fin. of N. Mariana Islands,* 856 F.2d 1317, 1324 (9th Cir.1988).

In Section 1983 cases, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. A party who successfully prevails on appeal is entitled to attorney's fees under Section 1988. *Larez v. City of Los Angeles,* 946 F.2d 630, 649 (9th Cir.1991); *see also Stewart v. Gates,* 987 F.2d 1450, 1454 (9th Cir.1993) ("Fees may be awarded for work performed in successfully defending an award under § 1988."). In

*Corder II,* we reversed and remanded this issue of fees-on-appeal to the district court because it was unclear at that time whether the plaintiffs were in fact the prevailing parties on appeal.

Both plaintiffs and defendant appealed from the district court's original order awarding fees of $90,333. This appeal led to a reversal of the district court's order and a remand. The district court's second order awarded fees of $240,695. Defendant appealed, leading to another reversal and another remand. The district court's third order awarded fees of $33,041.

Starting from the district court's initial order, the plaintiffs improved their position after the first appeal and subsequent remand. However, the second appeal and subsequent remand worsened their position overall.[2] Thus, the "victory" after the first appeal was fleeting, and the plaintiffs were ultimately unsuccessful on appeal. *Cf. Cabrales v. County of Los Angeles,* 935 F.2d 1050, 1053 (9th Cir.1991) ("[A] plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage.").

Because the net attorney's fees award to the plaintiffs was significantly smaller, the district court correctly concluded that plaintiffs were not the prevailing parties on appeal. The appeals in this case led to a reduction in the plaintiffs' attorney's fees award. Although plaintiffs enjoyed a victory upon remand after the first appeal, their victory was short-lived because this court ultimately reversed that award and remanded the matter back to the district court for further proceedings.

Plaintiffs argue that they must be considered the prevailing parties on appeal because they successfully defeated the defendant's arguments that they should receive no fees at all. Plaintiffs contend that they ultimately prevailed on their attorney's fee claim and should be found to be the prevailing parties. Plaintiffs' analysis ignores the ultimate result of the proceedings on appeal.

2. Taking the $46,000 the plaintiffs received via settlement plus $33,401 yields total attorney's fees of $79,041, an amount significantly less than the $90,333 initially awarded.

The net result of the various appeals was a reduced award for plaintiffs. Accordingly, plaintiffs were not the prevailing parties on appeal.[3]

## CONCLUSION

Plaintiffs are not entitled to attorney's fees on appeal because the district court correctly concluded that they were not the prevailing parties on appeal. The district court's award of attorney's fees is AFFIRMED.

---

**3.** Adopting plaintiffs' argument would lead to the nonsensical result of both sides being "prevailing parties": the plaintiffs because they defeated defendant's "no fees at all" position and the defendant because he reduced the fees awarded to plaintiffs by over $10,000.