195 F.3d 524 (9th Cir. 1999)
 ROBERT WEBB, individually and for all other persons similarly situated; TERRY STERKENBURG; TIMOTHY DRISCOLL; FRANK WALLMULLER; RUSSELL HOWARD; ROBERT FRIEDLY; KENT HALL; PEGGY KNOX; BILL LOHR; JESSE FULLER, Plaintiffs-Appellants,
and
LESA COONTZ; LESLIE IGOU; JOSEPH UHRICH; JANE DOE, Plaintiffs,
v.
ADA COUNTY, State of Idaho; VAUGHN KILLEEN, individually and in his capacity of Sheriff of Ada County; GARY GLENN; VERN BISTERFELT; JOHN BASTIDA, Ada County Commissioners, each sued in his individual and official capacities, Defendants-Appellees.
 No. 97-35990
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted May 7, 1999--Seattle, Washington
Decided October 29, 1999
 
 Howard A. Belodoff, Boise, Idaho, for the plaintiffs-appellants.
 Carl B. Colaianni, Ada County Prosecuting Attorney's Office, Boise,
 Idaho, for the defendants-appellees.
 Appeal from the United States District Court for the District of Idaho; Edward J. Lodge, Chief Judge, Presiding. D.C. No. CV-91-00204-EJL
 Before: Robert R. Beezer, Charles Wiggins and Andrew J. Kleinfeld, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 Robert Webb and several plaintiffs in this civil rights class action ("Webb") appeal the district court's judgment awarding only a percentage of the attorney's fees Webb requested. We have jurisdiction pursuant to 28 U.S.C. S 1291 over all Webb's claims save one. As to the claims for which we have jurisdiction, we affirm in part and remand in part in light of Martin v. Hadix, 119 S. Ct. 1998 (1999).
 
 
 2
 * Webb brought a class action pursuant to 42 U.S.C.S 1983, challenging conditions at the Ada County Jail ("the Jail"). Through various court orders and a partial consent decree, Webb prevailed on several issues. The district court awarded Webb $224,308 in attorney's fees under 42 U.S.C.S 1988. For ease of reference, we refer to the initial disposition of the merits and attorney's fees issues as "Webb I ."
 
 
 3
 Webb, through his attorneys, continued to work on the case after the entry of judgment. Webb was partially successful in these efforts. He sought fees for eight postjudgment matters: hours expended monitoring compliance with the partial consent decree ("consent decree monitoring"); a motion to strike the affidavit of Dr. Jerry Doke ("Doke motion"); a motion for contempt; a motion for sanctions based on discovery abuses; a reply to defendants' objections regarding fees in Webb I; briefing on the retroactive impact of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), on fees in Webb I; a motion to alter or amend judgment in Webb I; and the very act of requesting attorney's fees on these seven matters ("fees-on-fees").
 
 
 4
 The district court awarded the full hours requested for feeson-fees but awarded zero hours on the Doke motion. As the consent decree monitoring issue was still pending before the magistrate, the court declined to rule on the related fee request. On the other five matters, the court awarded between 19 and 64 percent of Webb's requested hours. The court reduced the hourly rate of lead counsel from the $140 it had awarded in Webb I to $125 an hour. Webb appeals the court's reduction of both the requested hours worked and the requested hourly rate.
 
 II
 
 5
 We do not have jurisdiction over fees for consent decree monitoring. The district court declined to rule on whether attorney's fees were warranted because the matter was still pending before the magistrate. As there is no final judgment or any other applicable exception to the final judgment rule, we lack jurisdiction. See 28 U.S.C. S 1291. We dismiss Webb's appeal as to fees for consent decree monitoring.
 
 
 6
 We have jurisdiction over Webb's remaining claims. Interim awards of attorney's fees made prior to a final judgment on the merits are generally not appealable under 28 U.S.C. S 1291; however, they may be appealable when they dispose of the fee issue for oversight of a consent decree. See Gates v. Rowland, 39 F.3d 1439, 1450 (9th Cir. 1994). The court entered judgment as to attorney's fees on seven postjudgment matters. We may treat as final these periodic fees awarded during the remedial phase of a civil rights case.
 
 III
 
 7
 We review the district court's denial of attorney's fees for abuse of discretion. See Native Village of Venetie IRA Council v. Alaska, 155 F.3d 1150, 1151 (9th Cir. 1998). Underlying legal analysis and statutory interpretation are reviewed de novo, and underlying factual findings are reviewed for clear error. See id. at 1151-52. The court calculates a reasonable fee by multiplying the number of hours reasonably worked on litigation by a reasonable hourly rate, arriving at a "lodestar." See McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995). The court may downwardly adjust either the components of the lodestar or the lodestar itself to reflect the results obtained. See Schwarz v. Secretary of Health & Human Services, 73 F.3d 895, 901 ( 9th Cir. 1995)[1].Our ultimate review of the court's award is limited by the "considerable discretion" a district court enjoys in determining what attorney's fee is reasonable. Id.
 
 
 8
 * Webb challenges the district court's refusal to award any attorney's fees for the Doke motion. According to Webb's billing sheets, all work on the Doke motion was completed prior to the effective date of the PLRA, April 26, 1996. The court properly declined to apply the PLRA to the Doke motion.
 
 
 9
 Where a party is not ultimately successful on a claim, its "victory" at a preliminary stage of litigation is only "fleeting," and does not justify a fee award. Corder v. Gates, 104 F.3d 247, 249 (9th Cir. 1996) (internal quotation marks omitted). Although Webb successfully struck Doke's affidavits, he failed to achieve his purpose -having Doke declared not competent to provide psychological services at the Jail and having the psychological and other medical services provided by the Jail declared unconstitutional. The district court found that Doke was a competent psychological care provider and that the Jail's medical services -other than in the provision of special diets -did not violate the Eighth Amendment. We affirmed in an unpublished order. See Webb v. Ada County, No. 97-35008, 1998 WL 246521, at * 3 (9th Cir. May 15, 1998). The court correctly determined that Webb was not a prevailing party as to Doke or to the relevant medical services, and thus appropriately denied fees related to the Doke motion.
 
 B
 
 10
 Webb at least partially succeeded on six postjudgment matters: altering or amending judgment in Webb I ; contempt; sanctions; fees in Webb I; the effect of the PLRA in Webb I; and fees-on-fees. As to these six matters, Webb claims that the district court abused its discretion in reducing his requested attorney's fees. Specifically, Webb claims that the court erred in reducing both Webb's lead counsel's hourly rate on all six issues, and the hours Webb's attorneys requested for work in connection with all but the fees-on-fees issue.
 
 
 11
 The district court reduced Webb's lead counsel's hourly rate for all six matters because it found that the issues related to Webb's postjudgment actions were not as complex or risky as the issues involved in Webb I. See Gates v. Rowland, 39 F.3d 1439, 1451 (9th Cir. 1994) (district court has discretion to determine whether same expertise that supports high rate for merits portion of case justifies using same high rate for postjudgment phase). The court reduced the requested hours on five of the matters because it found that the time expended was excessive in light of the results achieved. See McGinnis v. Kentucky Fried Chicken, 51 F.3d 805, 810 (9th Cir. 1994) (district court must relate amount of fee award to extent of success)[2].
 
 
 12
 Attorney's fees for postjudgment monitoring services performed after the PLRA's effective date of April 26, 1996, however, are subject to the limitations contained in the PLRA. See Martin v. Hadix, 119 S. Ct. 1998, 2001 (1999). According to Webb's records, a substantial portion ofwork on these matters was performed after April 26, 1996. Because the district court did not apply the PLRA to any portion of the requested fees, we must remand for proceedings consistent with Martin and with our subsequent application of Martin in Madrid v. Gomez, 190 F.3d 990 (9th Cir. Aug. 30, 1999).
 
 
 13
 Each party to bear their own costs.
 
 
 14
 DISMISSED in part, AFFIRMED in part and REMANDED in part.
 
 
 
 Notes:
 
 
 [1]
 "Adjusting the lodestar on the basis of [the results obtained] after the lodestar has been calculated, instead of adjusting the reasonable number of hours or reasonable hourly rate at the first step, i.e. when determining the lodestar, is a disfavored procedure. However, as long as the district court only makes one adjustment per factor, either before or after the lodestar calculation, we have found such an error to be harmless." Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996), opinion amended on denial of rehearing, 108 F.3d 981 (9th Cir. 1997) (internal citation omitted).
 
 
 [2]
 The district court awarded one hundred percent of Webb's requested fees-on-fees. On remand, the court should consider Schwarz v. Secretary of Health & Human Services, 73 F.3d 895 (1995), in recalculating an award for fees-on-fees. Id. at 909 (district court has discretion to reduce fees-on-fees to same extent applicants ultimately fail to prevail on fees request itself).