ATLANTIC RICHFIELD COMPANY, a Delaware Corporation, Plaintiff-counter-defendant-cross-defendant—Appellee,

v.

Jamshid ZAMAN, an individual; Mahvash Zaman, an individual; Behrouz Zaman, an individual; Zaman Inc., a California Corporation dba Beverly Hills Motorworks; Affordable Cars Inc., a California Corporation, Defendants–counter–claimants–Appellants,

and

Fox & Fields, a general partnership dba Atlas Leasing Group Inc.; Robert J. Fox; Jerry Fields; Lawrence R. Ansley, Sr.; Margaret Ansley, Counter and cross-claim defendants—Appellees.

\* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Atlantic Richfield Company, a Delaware Corporation, Plaintiff-counter-defendant-cross-defendant—Appellant,

v.

Jamshid Zaman, an individual; Mahvash Zaman, an individual; Behrouz Zaman, an individual; Zaman Inc., a California Corporation dba Beverly Hills Motorworks; Affordable Cars Inc., a California Corporation, Defendants-counter-claimants—Appellees,

and

Fox & Fields, a general partnership dba Atlas Leasing Group Inc.; Robert J. Fox; Jerry Fields; Lawrence R. Ansley, Sr.; Margaret Ansley, Counter and cross-claim defendants.

Nos. 00–56490, 00–56576.

D.C. Nos. CV–95–00566–ABC, CV–95–00566–ABC–02.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Jan. 16, 2002.

Before BRIGHT,\* KOZINSKI, and W. FLETCHER, Circuit Judges.

## MEMORANDUM \*\*

ARCO has Article III standing because there was a real controversy here between

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the parties. The Zaman Parties, through their representative Ebrahim, contended that ARCO was responsible for the contamination and demanded that the company help cover remediation costs. Therefore, ARCO has more than an abstract interest in remediating the Property. "There can be no doubt concerning [ARCO's] personal stake in the outcome of the controversy." *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092 (9th Cir. 2000) (quoting *Bigelow v. Virginia*, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975)).

Substantial evidence supports the district court's findings of fact on each issue raised by the Zaman Parties. The district court did not abuse its discretion in imposing evidentiary sanctions for spoliation of evidence. The Zaman Parties knew that certain physical evidence was relevant to issues at trial, failed to notify ARCO of its existence, and subsequently destroyed it without notifying ARCO.

The district court did not err in granting summary judgment in favor of Fox & Fields and related defendants because after four years of litigation the Zaman Parties had no evidence that Fox & Fields was responsible for the contamination. The Zaman Parties failed to demonstrate the existence of a triable issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The district court's award of attorneys' fees to ARCO was not excessive and the district court did not abuse its discretion. *See Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998); *Corder v. Gates*, 104 F.3d 247, 249 (9th Cir.1996).

Finally, we affirm the grant of partial summary judgment on ARCO's state law

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

claims, for the reasons stated by the district court.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.