**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JIM THEROS,<br><br>          Plaintiff - Appellee,<br><br>     v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a California Corporation,<br><br>          Defendant,<br><br>     and<br><br>WELLS FARGO BANK, NA, a.k.a. Wachovia Mortgage, FSB, a division of Wells Fargo Bank,<br><br>          Defendant - Appellant. | No. 11-35612<br><br>D.C. No. 2:10-cv-02021-JCC<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted May 14, 2013<sup>**</sup>

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        **   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:       LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Wells Fargo Bank, NA appeals from the district court's order denying its motion for attorney's fees after it prevailed on summary judgment in Theros's wrongful foreclosure action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the legal analysis underlying a fee decision, and for an abuse of discretion the district court's denial of fees. *Webb v. Ada County*, 195 F.3d 524, 526 (9th Cir.1999). We affirm.

The district court properly concluded that, under federal law, which governs the attorney's fee determination as provided in the Note and Deed of Trust, it had discretion to deny the contractually-authorized attorney's fees if an award of fees would be "inequitable and unreasonable." *Anderson v. Melwani*, 179 F.3d 763, 766 (9th Cir. 1999); *DeBlasio Constr., Inc. v. Mountain States Constr. Co.*, 588 F.2d 259, 263 (9th Cir. 1978); *see also GECCMC, 2005-C1 Plummer St. Office L.P. v. JPMorgan Chase Bank, N.A.*, 671 F.3d 1027, 1033 (9th Cir. 2012) (applying federal common law where contract provided that federal law governs the agreement).

Moreover, the district court did not abuse its discretion in declining to award the contractually-authorized attorney's fees to Wells Fargo because such an award of fees would be inequitable and unreasonable. *See Anderson*, 179 F.3d at 766-67

(district court must determine whether attorney's fee award would be appropriate, and it abuses its discretion if it awards contractually-authorized fees that are inequitable and unreasonable).

**AFFIRMED.**