**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE ALBERT JOHNSON, | No. 14-15094 |
| Plaintiff - Appellee, | D.C. No. 5:12-cv-01091-LHK |
| v. | |
| CFS II, INC., an Oklahoma corporation, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted December 10, 2015**
San Francisco, California

Before: GRABER, WARDLAW, and MURGUIA, Circuit Judges.

Bruce Johnson, a 77-year-old man, sued CFS II, Inc., a debt collection

company, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1692 *et seq.*, and California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*, in connection with CFS's attempts to collect credit card debt allegedly owed by Johnson. The district court granted summary judgment in favor of Johnson on all claims. CFS appeals the district court's denial of its motion for leave to file a motion for reconsideration and the court's partial grant of Johnson's motion for attorney's fees and costs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Construing CFS's motion for leave to file a motion for reconsideration as a Rule 60(b)(6) motion, the district court did not abuse its discretion in denying it. Rule 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." However, a Rule 60(b)(6) motion "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), and Rule 60(b)(6) relief "is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief," *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Without offering any explanation for its delay, CFS requested Rule 60(b)(6) relief five months after the court entered judgment in favor of Johnson, raising new arguments in opposition. The district court correctly found that CFS's Rule

60(b)(6) motion was untimely and that the previously unraised arguments were waived.

2. Nor did the district court abuse its discretion in awarding Johnson a portion of the fees his counsel incurred to travel to Oklahoma to depose CFS's employee. *See Native Vill. of Quinhagak v. United States*, 307 F.3d 1075, 1079 (9th Cir. 2002). An attorney's travel time is compensable, *see Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 (9th Cir. 1986), and CFS offers no case law supporting the rule it would have us adopt here—namely, that attorney travel costs are per se unreasonable when a deposition could be conducted remotely. Moreover, the factual findings underlying the court's award of travel costs are not clearly erroneous, *see Native Vill. of Quinhagak*, 307 F.3d at 1079, as CFS adduced no evidence of its purported offer to fly its deponent to California. Therefore, the district court did not err in exercising its "considerable discretion" to award the costs and fees at issue. *Webb v. Ada County*, 195 F.3d 524, 527 (9th Cir. 1999).

**AFFIRMED.**