NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASSE INTERNATIONAL, INC., | No. 16-56742 |
| Plaintiff-Appellant, | D.C. No. 8:14-cv-00534-CJC-JPR |
| v. | |
| REX TILLERSON, Secretary of State of the United States; UNITED STATES DEPARTMENT OF STATE; JENNIFER ZIMDAHL GALT, Deputy Assistant Secretary of State for Private Sector Exchange, Bureau of Educational and Cultural Affairs, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted January 9, 2018**
San Francisco, California

Before: D.W. NELSON, BYBEE, and IKUTA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

ASSE International, Inc., appeals the district court's denial of interim attorney's fees and costs. "Generally the grant or denial of interim attorney's fees by a district court pending litigation on the merits is not a final appealable order for purposes of 28 U.S.C. § 1291." *Thompson v. Potashnick Constr. Co.*, 812 F.2d 574, 576 (9th Cir. 1987); *see also Webb v. Ada County*, 195 F.3d 524, 526 (9th Cir. 1999) ("Interim awards of attorney's fees made prior to a final judgment on the merits are generally not appealable under 28 U.S.C. § 1291."); *Gates v. Rowland*, 39 F.3d 1439, 1450 (9th Cir. 1994) ("Interim attorneys' fees awards . . . prior to entry of a final judgment on the merits are not appealable under section 1291."). We see no reason to depart from this general rule, where the underlying litigation regarding the State Department's sanction is ongoing, and indeed, ASSE concedes it may move for additional fees in the future. Nor does the collateral order doctrine apply, given that the "fee award itself determines neither the total amount of fees" due to ASSE nor ASSE's "absolute entitlement to attorney's fees," *Rosenfeld v. United States*, 859 F.2d 717, 720 (9th Cir. 1988), and the fee award is not "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

Accordingly, Appeal No. 16-56742 is **DISMISSED** for lack of jurisdiction.