**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANNE BLOCK, Esquire, an individual,

Plaintiff-Appellant,

v.

SNOHOMISH COUNTY, a Washington
County and Municipal Government; et al.,

Defendants-Appellees.

Nos.   15-35569
        16-35515

D.C. No. 2:14-cv-00235-RAJ

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted April 13, 2018**
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and TEILBORG,*** District
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable James A. Teilborg, United States District Judge for the
District of Arizona, sitting by designation.

In appeal No. 15-35569, Plaintiff Anne Block ("Block") appeals the dismissal with prejudice of her second amended complaint against Snohomish County, the City of Gold Bar, and various individual defendants. In appeal No. 16-35515, Block appeals the attorneys' fees order, in which the court determined Block's claims were frivolous and in bad faith and awarded fees to the defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.    Case Management Order

Block argues that the court's July 28, 2014 order staying the case demonstrated bias by Judge Jones in order to keep himself on the case and was essentially a preliminary injunction prohibiting pure speech. The court issued the order in response to a motion for sanctions against Plaintiff, which indicated Plaintiff, who was representing herself at the time, had been verbally abusive to opposing counsel, surreptitiously recorded conversations, and attempted to contact defendants directly about the case.

The court has the inherent authority to manage the case before it. *United States v. Grace*, 526 F.3d 499, 509 (9th Cir. 2008); *see* Fed. R. Civ. P. 16. Confronted with litigious parties who were filing competing motions for sanctions before it had even ruled on the pending motion to dismiss, the district court noted:

> The record before the court reflects that this litigation threatens to spiral out of control. It also reflects that Plaintiff's communications with opposing counsel and opposing parties in this case falls well below the standards of civility that this court expects from litigants.

This action effectively ensured a time-out to deal with the potentially dispositive motion without further disruption.

Contrary to Block's suggestion, the court's order did not prohibit protected First Amendment speech in any way, except to preclude "communication between Plaintiff and any Defendant *about this lawsuit*," unless the communication involved a settlement offer or a good faith request for a stipulation/stipulated motion. There was no abuse of discretion in entering the stay. *See Aloe Vera of America v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively . . . . We defer to the determination of courts on the front lines of litigation [that a particular course of action is required] because deference will enhance these courts' ability to control the litigants before them." (internal quotation marks and citation omitted)).

## II.    Recusal

Block further argues that Judge Jones should have recused himself because he was a member of the Washington State Bar Association ("WSBA"). In a joint status report in June 2014, Block mentioned wanting to add counsel for the County, the

3

WSBA, and WSBA disciplinary counsel as additional defendants, and the existing defendants indicated their belief that Block lacked a basis in law or fact to add these defendants. Approximately a month later, Block filed an amended complaint which did not attempt to add such parties, but sought to amend claims in the complaint against Snohomish County employee Kevin Hulten. Thus, at the point the court issued the litigation stay discussed above, the WSBA was not actually a party to the case, and the judge had no financial interest in the subject matter in controversy, and thus there was no basis for the judge even to consider whether to recuse himself. *See* 28 U.S.C. § 455(b)(4).

## III. Rule 12(b)(6) Dismissal

We review de novo a dismissal for failure to state a claim. *N. Cnty. Cmty. Alliance, Inc. v. Oviatt*, 573 F.3d 738, 741 (9th Cir. 2009). Although we must generally accept allegations in the complaint as true, we are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In her second amended complaint, Block attempted to state claims for retaliation, RICO and Sherman Act violations.

4

**A.    Retaliation**

To prove a § 1983 claim for retaliation, Block needed to establish that her speech is protected by the First Amendment, that the defendants took an adverse action against her that was reasonably likely to deter speech, and that the adverse action was prompted by the exercise of her First Amendment rights. *See, e.g.*, *Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989); *Skoog v. County of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006). She also needed to show that the conduct complained of was taken by defendants acting under color of state law. *Soranno's*, 874 F.2d at 1313–14.

As the district court explained, Block's complaint fails to adequately allege a claim of retaliation. It is often unclear which defendants she alleges took which actions against her; where it is clear who allegedly took the action, she fails to adequately link the alleged action to an exercise of her First Amendment rights, or create a plausible inference that the actions were taken for a retaliatory purpose as opposed to making a legitimate complaint about her to the police or the state bar organization. In other instances, the conduct she alleged, such as spreading misinformation about her criminal or mental health history, or putting articles on Wikipedia about her, is more aptly described as defamation, for which Block might have a tort remedy under state law, but which is not actionable retaliation under §

5

1983. *See Gini v. Las Vegas Metropolitan Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994).

**B.    RICO**

To establish a civil RICO violation, a plaintiff must plead conduct of an enterprise through a pattern of racketeering activity causing injury to plaintiff's business or property. *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996); *see also* 18 U.S.C. § 1961 (describing acts that qualify as racketeering activity).

However, Block failed to plead a requisite predicate act for a RICO violation. Although Block attaches a conclusory "extortion" label to a number of alleged acts–including destroying records, writing a negative letter about her, and filing a bar complaint–extortion as used in the RICO context requires showing that the defendant received something of value which can be "exercised, transferred or sold." *United States v. McFall*, 558 F.3d 951, 956 (9th Cir. 2009) (conduct which merely interferes with or deprives someone of property is not sufficient to constitute Hobbs Act extortion); 18 U.S.C. § 1951(b); Wash. Rev. Code § 9A.56.110. Block does not allege what property or thing of value was wrongfully obtained from her as a result of the alleged extortion. She similarly failed at her attempt to allege a predicate act of "bribery," in which she contends the City "bribed" a city water employee who was stealing from it by paying him $10,000 to keep quiet. We agree that this is not a bribe

of a public official to induce an official act or omission, *see* 18 U.S.C. § 201, and, moreover, that this allegation is wholly implausible, as a person committing a crime needs no incentive to keep quiet.

## C.   Sherman Act

Block's antitrust claim invokes § 1 of the Sherman Act, and she must plead evidentiary facts which would prove a contract or conspiracy among two or more persons or entities, with the intent to harm or restrain trade, and which actually injures competition. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008). Block's claim again fails for many reasons, including that it is primarily directed at a non-party, there is no plausible allegation that the WSBA conspired with any of the named defendants for this or any other purpose, and there are no evidentiary facts pled that would support Block's allegation that the WSBA targets solo practitioners and minorities in disciplinary proceedings in order to steer services toward favored groups or that this targeting has resulted in higher costs for legal services.

For these reasons, Block's complaint was properly dismissed for failure to state a claim.

## IV.    Attorneys' Fees

A ruling on attorneys' fees is generally reviewed for abuse of discretion. *Maag v. Wessler*, 993 F.2d 718, 719 (9th Cir. 1993).  We review the court's analysis of the law de novo and its factual determinations for clear error. *Corder v. Gates*, 104 F.3d 247, 249 (9th Cir. 1996).

We find no error in the assessment of Block's claims as "entirely groundless and frivolous," which supplies an adequate basis for a fee award under § 1988. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006).  On appeal, Block does not contest the court's calculation of applicable fees.

For the foregoing reasons, we affirm both appeals.

**AFFIRMED.**