NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAPISTRANO UNIFIED SCHOOL DISTRICT, a local education agency,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>S.W.; C.W., on behalf of their minor child, B.W.,<br><br>        Defendants-Appellants. | No.   22-55295<br><br>D.C. No.<br>8:18-cv-01896-JVS-DFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted January 23, 2023[**]
San Francisco, California

Before: BENNETT and R. NELSON, Circuit Judges, and EZRA,[***] District
Judge.

      S.W. and C.W. on behalf of their minor child, B.W., (collectively, B.W.)

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

appeal from the district court's order regarding attorneys' fees, in which the district court awarded only a portion of their requested fees incurred during an action under the Individuals with Disabilities Education Act (IDEA). 20 U.S.C. § 1400, et seq.

We have jurisdiction under 28 U.S.C. § 1291. We review an award of attorneys' fees for abuse of discretion. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000). We review a district court's determination of prevailing party status de novo. *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010). For the following reasons, we affirm.[1]

1. The district court did not apply the wrong legal standard in determining the proper fee award. Attorneys' fees awarded under the IDEA "are governed by the standards set forth by the Supreme Court in [*Hensley v. Eckerhart*, 461 U.S. 424 (1983)] and its progeny." *Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006).

"In *Hensley*, the Supreme Court set out a two-pronged approach for determining the amount of fees to be awarded when a plaintiff prevails on only some of his claims for relief or achieves 'limited success.'" *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1172 (9th Cir. 2019) (en banc) (citing *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001)). "First, we ask, 'did the plaintiff fail to

---

[1] We **GRANT** B.W.'s motion for judicial notice of the administrative law judge's decision below (Dkt. No. 14). *See Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 924 n.3 (9th Cir. 2002).

prevail on claims that were unrelated to the claims on which he succeeded?'" *Id.* (quoting *Hensley*, 461 U.S. at 434). "Second, we ask whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?'" *Id.* (quoting *Hensley*, 461 U.S. at 434).

The district court used that two-pronged approach and did not, as B.W. claims, simply count the issues won without consideration of success as a whole. First, it evaluated the relatedness of the six issues addressed in the litigation, concluding that Issue Four—the sole issue on which B.W. prevailed in the litigation—is related to Issues Three and Five but is unrelated to Issues One, Two, and Six. Second, it explained that, even if the unrelated issues relate to Issue Four, the significance of the relief obtained by Issue Four is not proportional to the hours expended on the litigation. That is precisely the inquiry that *Hensley* requires.

2. Applying *Hensley*, the district court did not abuse its discretion in finding that Issues One, Two, and Six are unrelated to Issue Four. "The test for relatedness of claims is not precise." *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986). But the inquiry largely "rests on whether the 'related claims involve a common core of facts *or* are based on related legal theories,'" with "the *focus* . . . on whether the claims arose out of a common course of conduct." *Ibrahim*, 912 F.3d at 1172 (quoting *Webb v. Sloan*, 330 F.3d 1158, 1168–69 (9th Cir. 2003) (emphasis in original)).

22-55295

Here, Issue Four relates to Issues Three and Five, because they all involve the questions about the same Individualized Education Program (IEP) developed for B.W.'s first-grade year. By contrast, Issues One, Two, and Six involve a different IEP for kindergarten and Capistrano's failure to provide an IEP for second grade. These issues thus address "a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised." *Thorne*, 802 F.2d at 1141 (internal quotation and citation omitted). The district court was "well within its discretion" in finding that these "several unsuccessful claims are unrelated to [B.W.'s] lone successful claim" concerning Issue Four. *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 903 (9th Cir. 1995).[2]

3. The district court also did not err in concluding that B.W. did not prevail on appeal. Generally, "[f]ees may be awarded for work performed in successfully defending an award." *Stewart v. Gates*, 987 F.2d 1450, 1454 (9th Cir. 1993). But as the district court explained, B.W. lost "all the substantive issues on appeal" and, though she retained an order of reimbursement for occupational services, she did so

---

[2] Having affirmed the district court's relatedness finding, we need not reach its alternative finding that "even if the Court deemed Issue Four to be related to Issues One, Two, and Six . . . the significance of the relief obtained by Issue Four is not proportional to the hours expended on the litigation." *See Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) ("Hours expended on unrelated, unsuccessful claims should not be included in an award of fees.").

in large part because of a waived argument on appeal on the part of Capistrano. Moreover, we reversed the award of reimbursement for tuition and services for second grade, *see Capistrano Unified Sch. Dist. v. S.W.*, Nos. 20-55961, 20-55987, 2021 WL 6196698, at *2 (9th Cir. Dec. 30, 2021), which constituted a significant reduction of relief, *Corder v. Gates*, 104 F.3d 247, 250 (9th Cir. 1996) ("The net result of the various appeals was a reduced award for plaintiffs. Accordingly, plaintiffs were not the prevailing parties on appeal.").  It cannot be said that B.W. successfully defended her award on appeal.

**AFFIRMED.**