NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIE BALLOU,

      Plaintiff - Appellee,

  v.

CITY OF VANCOUVER, a municipal
corporation,

      Defendant - Appellant,

No. 24-4530

D.C. No.
3:19-cv-05002-DGE

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Argued and Submitted August 21, 2025
Portland, Oregon

Before: CALLAHAN, M. SMITH, and MENDOZA, Circuit Judges.

The City of Vancouver ("City") appeals a district court's order awarding

$611,756.43 in attorneys' fees to Julie Ballou ("Ballou"). We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we review the award of attorneys' fees for abuse

of discretion. *Edmo v. Corizon, Inc.*, 97 F.4th 1165, 1168 (9th Cir. 2024). We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

affirm in part and reverse in part.

Under Washington's anti-discrimination law,[1] courts apply the lodestar method to calculate "reasonable attorneys' fees." *Chuong Van Pham v. City of Seattle, Seattle City Light*, 151 P.3d 976, 981 (Wash. 2007) (quoting Wash. Rev. Code § 49.60.030(2)). "To calculate a lodestar amount, a court multiplies the number of hours reasonably expended by the reasonable hourly rate." *Id.*

## I.    Reasonable Hours

The City argues that the district court abused its discretion by allowing Ballou to recover for attorney time spent on all of her claims even though she was successful on only one of her six claims. According to the City, the district court failed to "apply the correct legal standard" when holding that all of Ballou's claims were related because the court principally relied on *Odima v. Westin Tucson Hotel*, 53 F.3d 1484 (9th Cir. 1995), and not Washington law. In support, the City points to *Kastanis v. Educ. Emps. Credit Union*, 859 P.2d 26 (Wash. 1993), to argue that "Washington law differs from federal law."

The City's argument lacks merit. Washington courts "look to federal authority" when considering the relatedness of successful and unsuccessful claims.

---

[1]    Washington law applies to the award of attorneys' fees in this case because the district court exercised supplemental jurisdiction over Ballou's state law claims. *See Cortez v. Skol*, 776 F.3d 1046, 1054 n.8 (9th Cir. 2015); *Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 65 F.4th 1145, 1148–49 (9th Cir. 2023).

*See Blair v. Washington State Univ.*, 740 P.2d 1379, 1385 (Wash. 1987); *see also Brand v. Dep't of Labor & Indus.*, 989 P.2d 1111, 1117 (Wash. 1999) ("This court has followed *Hensley* [*v. Eckerhart*, 461 U.S. 424 (1983)]" on the relatedness inquiry."). *Kastanis* is not to the contrary, as the trial court in that case "made no express finding that plaintiff's successful and unsuccessful claims were inseparable," 989 P.2d at 36. The district court also fairly applied *Odima*, explaining that Ballou's claims "required virtually the same evidence" so were necessarily based on the same "common core of facts." *Odima*, 53 F.3d at 1499.

The City next argues that the district court abused its discretion to the extent it included time spent by Ballou's attorneys defending Chief McElvain's appeal to the Ninth Circuit. *See Ballou v. McElvain*, 29 F.4th 413 (9th Cir. 2022) ("*Ballou I*"). We agree. "A defendant should not 'be required to compensate a plaintiff for attorney hours devoted to the case against other defendants . . . who are found not to be liable.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1185 (3d Cir. 1990) (internal quotation marks and citation omitted). Ballou did not prevail on her claims against Chief McElvain. But a court may allow fees for work on unsuccessful claims that are "sufficiently related" to successful claims. *Pham*, 151 P.3d at 982. Here, the time spent on *Ballou I* was not related to the claims against the City because *Ballou I* concerned Chief McElvain's entitlement to qualified immunity, which is an issue "completely separate from the merits of the action." *Will v. Hallock*, 546 U.S. 345,

349–50 (2006). While Title VII and section 1983 claims can be related, *see*

*Thorne v. City of El Segundo*, 802 F.2d 1131, 1142 (9th Cir. 1986), qualified

immunity is a separate inquiry unrelated to the facts underlying the section 1983

claim. Accordingly, the district court abused its discretion by including in the

lodestar time spent by attorneys Matthew Ellis and Stephen Brischetto on *Ballou I*.

The district court is instructed to reduce the fee award by 50.7 hours for Ellis

(from 567.6 to 516.9) and 46.0 hours for Brischetto (from 395.59 to 349.59).[2]

## II.     Reasonable Rate

Ballou requested a rate of $575/hour for Ellis and a rate of $685/hour for

Brischetto. The district court reduced Elliss's hourly rate to $425 and Brischetto's

hourly rate to $550 because "Ballou's success compared to the fees sought does

not appear to warrant [the requested rates]."

The City raises a number of unpersuasive arguments for why the district

court did not account for Ballou's limited success. For example, the fact that the

court awarded a similar rate to an attorney in a different case who achieved a

significant degree of success is not particularly meaningful because the court here

---

[2]     The City takes issue with other time entries by Ellis and Brischetto, like meeting with Ballou to prepare for the City's internal investigation, but the time spent on these other tasks were "sufficiently related" to the claims against the City. *Pham*, 151 P.3d at 982. The City also argues that no costs incurred in *Ballou I* should be recoverable, but the district court did not include this in its calculation of the awarded costs of $4,163.50.

did indeed reduce Brischetto's hourly rate to account for Ballou's limited success. Nor does it matter that the district court did not explicitly consider the disparity between Ballou's settlement demands and the jury award because the court was not required to do so. *See, e.g.*, *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 461 (9th Cir. 2013) (holding district court has discretion "to consider the amounts discussed in settlement negotiations, or not"). Moreover, the district court's determination that the lawsuit resulted in intangible benefits was not clearly erroneous. *Wilcox v. City of Reno*, 42 F.3d 550, 556 (9th Cir. 1994). Newspapers covered Ballou's lawsuit, so it is at most a dispute between the parties as to whether Ballou's lawsuit had any impact on the City and its public agencies. *See id.*

In sum, the district court reduced the lodestar by discounting Ellis and Brischetto's requested hourly rate, so accounted for "the relationship between the extent of success and the amount of the fee award." *Hensley*, 461 U.S. at 438. The City's "quarrel is with how much money the judge subtracted after consideration of the appropriate factors," but that "was a matter for the district judge's discretion, which he did not abuse." *McGinnis v. Kentucky Fried Chicken*, 51 F.3d 805, 809 (9th Cir. 1994).

## III.   Contingency Adjustment

"After the lodestar has been calculated, the court may consider adjusting the award to reflect . . . the contingent nature of success, and the quality of work

performed." *Pham*, 151 P.3d at 982–83. "The contingency adjustment is based on the notion that attorneys generally will not take high risk contingency cases, for which they risk no recovery at all for their services, unless they can receive a premium for taking that risk." *Id.* at 983. To determine whether a case is "high risk," Washington courts "assess the likelihood of success at the outset of the litigation." *Id.* (quoting *Bowers v. Transamerica Title Ins. Co.*, 675 P.2d 193, 204 (Wash. 1983)).

Here, the district court rejected Ballou's requested adjustment of 100% because it did not "properly reflect [that] the likelihood of success at the outset weighed against Ballou's limited success at trial." The court instead determined that "a 33% increase is an appropriate adjustment for the risk incurred by counsel in taking on this case." The district court further awarded the adjustment because "[a]ttorneys must be willing to take on these types of cases, even when recovery may be minimal, because of the importance of ensuring our local agencies are operating properly and within the bounds of the law."

The district court abused its discretion because it applied the wrong legal standard. *Edmo*, 97 F.4th at 1168. In the district court's view, Ballou had "limited success at trial" when compared to "the likelihood of success at the outset" of the litigation meaning Ballou *should have* won more than the one claim the jury returned in her favor. Under Washington law, contingency enhancements are

appropriate where the attorneys "risk no recovery at all for their services," *Pham*, 151 P.3d at 983, and this happens only where it is more likely than not that the litigation itself "would be unsuccessful," *Morgan v. Kingen*, 210 P.3d 995, 1001 (Wash. 2009).  Because the district court found that Ballou should have found greater success at trial when compared against the likelihood of success "at the outset of the litigation," *Pham*, 151 P.3d at 983, it abused its discretion in awarding the contingency adjustment.

The district court also erred by awarding the adjustment based on "irrelevant factors." *Id.* at 984.  For example, the court considered Ballou's potential economic recovery, but litigation is not "high risk" simply because the ultimate damages amount is low.  Even with a low damages award, attorneys are entitled to compensation for their services.  *See Brand*, 989 P.2d at 1114 (holding a "large attorney fee award" is available even if "the amount at stake in the case is small" (internal quotation marks and citation omitted)); *Perry v. Costco Wholesale, Inc.*, 98 P.3d 1264, 1277 (Wash. App. 2004) (success in a civil rights case does not "depend on obtaining substantial monetary relief").  "In Washington, adjustments to the lodestar product are reserved for 'rare' occasions," *Berryman v. Metcalf*, 312 P.3d 745, 757 (Wash. App. 2013) (quoting *Sanders v. State*, 240 P.3d 120, 141 (Wash. 2010)), but the district court's reasoning would make these adjustments "routine" in civil rights cases, *id.* at 760.  Accordingly, we reverse the district

court's award of the contingency adjustment.

The district court's order is AFFIRMED IN PART and REVERSED IN PART.  Ballou is entitled to a reasonable attorneys' fee award of $411,957.00.[3]

---

[3]     Ellis's 516.9 hours multiplied by a rate of $425.00 yields $219,682.50 and Brischetto's 349.59 hours multiplied by a rate of $550.00 yields $192,274.50. Because Ballou is not the "prevailing party" on appeal, her request for fees under Federal Rule of Appellate Procedure 39–6.1 is DENIED.  *See Corder v. Gates*, 104 F.3d 247, 249–50 (9th Cir. 1996).  Each party shall bear its own costs.