979 F.2d 776
 141 L.R.R.M. (BNA) 2982
 OREGON STATE POLICE OFFICERS ASSOCIATION, an Oregon
corporation; Stephen Beck; Oregon Public
Employees Union, Plaintiffs-Appellants,
v.
Edwin J. PETERSON, Chief Justice; P. Carson, Jr., et al.;
Supreme Court of the State of Oregon, Defendants-Appellees.
 No. 90-35680.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 18, 1992.
Decided Nov. 13, 1992.
 
 Charles F. Hinkle, Stoel, Rives, Boley, Jones & Grey, Portland, Or., for plaintiffs-appellants.
 Rives Kistler, Asst. Atty. Gen., Salem, Or., for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before: BEEZER, NOONAN, and TROTT, Circuit Judges.
 NOONAN, Circuit Judge:
 
 
 1
 The Oregon State Police Officers Association (Association); its president, Steven Beck; and the Oregon Public Employees Union (the Union), brought suit against the Supreme Court of the State of Oregon and the justices thereof (the Court). The plaintiffs allege that the Court has had the practice of denying successful plaintiffs in 42 U.S.C. § 1983 cases attorney fees under 42 U.S.C. § 1988 if the plaintiffs won on state grounds alone or on both state and federal grounds. They allege that this practice had gone on since 1981. They contend that the practice is contrary to 42 U.S.C. § 1988 and to the Equal Protection and Due Process Clause of the Fourteenth Amendment and to Article VI of the United States Constitution.
 
 
 2
 The case was heard before a magistrate who made findings and recommendations that the case be dismissed for lack of a justiciable case or controversy. The district court adopted these findings and recommendations and dismissed the case.
 
 
 3
 We affirm.
 
 ANALYSIS
 
 4
 The Association and its president make no allegation whatsoever of expecting to litigate in the future in a way that would make the issue of attorney fees under 42 U.S.C. § 1988 an issue. There is no case or controversy alleged by them. The Union does allege that it "expects to have occasion in the future" to sue under the state and federal constitution "to protect the rights of its members against infringement by their state or local employers." These allegations, however, are insufficient to state the existence of an actual case or controversy. O'Shea v. Littleton, 414 U.S. 488, 495-96, 94 S.Ct. 669, 676, 38 L.Ed.2d 674 (1974); Nelsen v. King County, 895 F.2d 1248, 1252 (9th Cir.1990).
 
 
 5
 As the defendants point out, for an actual denial of attorney fees to occur, a state or local government employer would have to violate both state and federal law; the violation would have to injure a member of the Union; the case would have to be reduced to judgment rather than settled; and the state court would have to rule in the Union's favor on the state issue but not reach the federal question or decide on both state and federal grounds.
 
 
 6
 We cannot assume as a matter of course that Oregon units of government will violate the law. See O'Shea, 414 U.S. at 497, 94 S.Ct. at 676-77; City of Los Angeles v. Lyons, 461 U.S. 95, 108, 103 S.Ct. 1660, 1668, 75 L.Ed.2d 675 (1982). Nor can we assume that the other contingencies will occur. No present controversy exists. Article III jurisdiction is absent.
 
 
 7
 We need not, and do not, address other objections, both jurisdictional and equitable, to the appellant's suit.
 
 
 8
 The question of attorney fees under section 1988 could appropriately be reviewed by the United States Supreme Court, but that Court has denied certiorari when the Association requested it. Oregon State Police Assn. v. State of Oregon, 308 Ore. 531, 783 P.2d 7 (1989), cert. denied, --- U.S. ----, 111 S.Ct. 44, 112 L.Ed.2d 20 (1990). The Association and the Union will have to keep knocking at that door if they want a federal review of their contentions.
 
 
 9
 AFFIRMED.