Jerry E. STEWART; Richard Eugene Smith; Kenneth Wilson; William Brown, et al., Plaintiffs–Appellees,

v.

Brad GATES, Sheriff; William Wallace; Ralph A. Diedrich; Robert W. Battin, et al., Defendants–Appellants.

No. 90–56080.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1992.

Decided March 12, 1993.

Stefen H. Weiss, Deputy County Counsel, Santa Ana, CA, for defendants-appellants.

Dan Stormer, Hadsell & Stormer, Pasadena, CA, for plaintiffs-appellees.

Appeal from the United States District Court for the Central District of California.

Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.

BEEZER, Circuit Judge:

Sheriff Brad Gates and the other defendants appeal the district court's award of $100,000 in attorney fees under 42 U.S.C. § 1988. Defendants do not dispute the $2539.24 award for costs incurred by plaintiffs' attorneys. The underlying civil rights litigation concerns prison conditions in Orange County, California. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand the fee award.

I

Litigation over the Orange County prison conditions began in 1975 and has resulted in various court orders to improve those conditions. The district court has never appointed any attorney for plaintiffs to monitor the prison conditions for compliance with its orders.

This appeal arises from a fee awarded upon application by three attorneys and one paralegal. Attorney Richard Herman sought compensation for 271.5 hours of legal services. His time records, which covered only 237.7 hours, were handwritten and virtually indecipherable. Herman stated that his billing rate was $225 per hour and had been at that level for the year prior to the application. Herman's paralegal, who also serves as his secretary, sought compensation for 300 hours of largely estimated time at $60 per hour. These two applications constituted about $79,000 of the total request of $87,757. To account for an asserted contingent risk of

nonpayment of fees, the applicants requested that the court multiply their total request by a factor of 1.5 in determining the final award.

Most, if not all, of the services provided by Herman and his paralegal were in response to prisoner complaints. The complaints covered a wide range of topics, including improper strip searches, cold cells, missing magazines and denial of access to telephones. Many complaints were meritless or unrelated to compliance with court orders. Hearings occurred on some matters.

■ The Orange County officials argue that plaintiffs are not entitled to payment for work performed by their attorneys without the direction of the district court. They also contend that the court improperly computed the amount of the fee award. We review the award for abuse of discretion. *Keith v. Volpe*, 833 F.2d 850, 854 (9th Cir.1987).

**II**

■ Section 1988 provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Under this authority, the district court may award attorney fees and costs for certain post-judgment proceedings. *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 557–61, 106 S.Ct. 3088, 3094–96, 92 L.Ed.2d 439 (1986); *Keith*, 833 F.2d at 857.

**A. Nature of the Services.**

■ Compensable work on post-judgment proceedings must be "useful" and of a type "ordinarily necessary" to secure the litigation's final result. *Delaware Valley*, 478 U.S. at 561, 106 S.Ct. at 3096. The district court's findings fail to identify those monitoring efforts that were useful and necessary to ensure compliance with the court's orders as opposed to those that were not. It is an abuse of discretion to award fees to an unappointed monitor for pursuing meritless claims. On remand, the district court shall identify those monitoring efforts that it believes were useful and

necessary to ensure compliance with the court's orders, and excise the remainder of the fee requests from the total award.

**B. Basic Fee Computation.**

■ Any award under § 1988 must be "reasonable." The basic fee, which may be calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate, is "strong[ly] presum[ed]" to constitute the final award. *Delaware Valley*, 478 U.S. at 564–65, 106 S.Ct. at 3097–98. In an appropriate case, such as one involving a very large or very small fee request, the court may determine the basic fee through a percentage reduction of the claimed fee. *Gates v. Deukmejian*, 977 F.2d 1300, 1307–08 (9th Cir.1992).

■ In deciding the number of hours "reasonably expended," the district court should consider whether the applicant already has excluded hours that were "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983). When faced with a voluminous fee application, the court may determine this component of the basic fee by reducing the claimed hours by a fixed percentage. *Gates*, 977 F.2d at 1307.

Here, the court diminished the hours claimed by Herman and his paralegal by some undisclosed amount without determining which of those hours were reasonably expended in ensuring compliance with its orders. The court did not determine which of the hours claimed were mistakenly charged or noncompensable "padding." The court was precluded from making this determination, and defendants were precluded from challenging the fee request, by illegibility and abbreviation of the time records submitted by Herman. The court made no attempt to determine the reasonable number of hours expended by the other applicants.

■ To the extent illegibility of Herman's time records prevented a fair adversary process in which defendants could challenge the fee request or prevented detailed findings on the reasonable number of

hours expended by him, the court should have reduced his claimed hours accordingly or required an appropriate supplemental submission. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939; *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir.1986), amended, 808 F.2d 1373 (1987). Illegible, abbreviated time records, submitted in a form not reasonably capable of evaluation, do not satisfy the "burden of submitting detailed time records justifying the hours claimed." *Chalmers* at 1210. It is an abuse of discretion to award fees for hours not properly documented.

■ The "reasonable hourly rate" must be determined by reference to the prevailing market rates in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). The district court found "that $225 an hour is supportable for work requiring substantial skill concerning penal institutions" and that Herman had the requisite skills. The Orange County officials do not challenge on appeal the rate of $225 per hour for services performed by Herman. The court stated, however, that not all of the work Herman performed warranted $225 per hour and that none of his work justified a higher rate. The court thus failed to determine that $225 per hour is a reasonable hourly rate for all of Herman's services. The court also failed to set a reasonable hourly rate for services provided by each of the other applicants.

■ The district court also may consider many of the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), in determining the number of hours reasonably expended, the reasonable hourly rate and the resultant basic fee. These factors include the novelty or difficulty of the case, the preclusion of other employment, time limitations, the amount at stake, the results obtained and the undesirability of the case. We have, however, prohibited one *Kerr* factor, whether the fee is fixed or contingent, from playing any role in determining the basic fee. *Davis v. City and County of San Francisco,* 976 F.2d 1536, 1549 (9th Cir.1992), *vacated in part,* 984 F.2d 345 (9th Cir.1993).

■ The district court must provide a "concise but clear" explanation of the basic fee. *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941. This explanation should include a discussion of the factors relied upon in determining the number of hours reasonably expended and the reasonable hourly rate. If it employs a percentage reduction, the court should explain how it arrived at the chosen percentage. *Gates,* 977 F.2d at 1308.

C. Fee Enhancement.

■ Once determined, the basic fee leaves "very little room" for enhancement. *Delaware Valley,* 478 U.S. at 566, 106 S.Ct. at 3098. To overcome the strong presumption that the basic fee is reasonable, the applicant must satisfy stringent requirements. Foremost, the applicant must show the requested enhancement is *"necessary* to the determination of a reasonable fee." *City of Burlington v. Dague,* —— U.S. ——, 112 S.Ct. 2638, 2641, 120 L.Ed.2d 449 (1992) (emphasis in original). In carrying this heavy burden, the applicant may not rely on many of the *Kerr* factors. For example, enhancement for contingent risk of nonpayment of fees is not permitted. *Dague* 112 S.Ct. at 2643. Other factors, including the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation and the results obtained from the litigation, are fully reflected in the basic fee, and thus cannot serve as independent bases for enhancement. *Delaware Valley,* 478 U.S. at 565, 106 S.Ct. at 3098. The applicant must present specific evidence demonstrating that any factor relied upon is not subsumed within the basic fee. *Id.* at 567–68, 106 S.Ct. at 3099–3100.

In this case, the district court enhanced an uncalculated basic fee by an unspecified multiplier. The court impermissibly applied the multiplier to compensate for contingent risk of nonpayment of fees and for the experience, reputation and ability of Herman. Other factors the court believed warranted an increase were the preclusion

of other employment, time limitations and the undesirability of the case. The court failed to determine the basic fee and specify in detail why each augmenting factor was necessary to the determination of a reasonable fee.

## III

■ Plaintiffs seek attorney fees for work performed on appeal. Fees may be awarded for work performed in successfully defending an award under § 1988. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir.1988), *cert. denied*, 493 U.S. 1035, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990). Plaintiffs are not entitled to fees for work performed in their unsuccessful defense of the district court award. *Duran v. City of Douglas*, 904 F.2d 1372, 1379 (9th Cir.1990).

## IV

As we have said, we review the fee award for abuse of discretion. But "[a]bsent some indication of how the district court's discretion was exercised, this court has no way of knowing whether that discretion was abused." *Chalmers*, 796 F.2d at 1213. When, as here, the district court provides only an elliptical explanation for its decision, we must reverse the fee award and remand for a fuller explication of the court's reasoning. *Id.*

We reverse and remand the district court's fee award for entry of findings and a judgment consistent with this opinion. On remand, the court shall separately compute the fee award for each applicant.

REVERSED and REMANDED.