**Richard H. EMMONS, Plaintiff—
Appellant,**

v.

**CITY OF ORANGE; Marshal Department of the County of Orange; Michael S. Corona, Marshal for the County of Orange, in his individual and official capacities; James L. Hill; Don Spears; Gary G. Tackett; Michael Padore, in their individual and official capacities; Arthur G. Koelle; Kathleen O'Leary; Manuel A. Ramirez; Robert B. Hutson, in their individual and official administrative capacities; Joint Marshals Personnel Committee for the County of Orange, Defendants—Appellees.**

No. 00–56399.
D.C. No. CV–99–01351–JKS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Sept. 9, 2002.

Before REINHARDT and TROTT, Circuit Judges, and WHALEY, District Judge.*

MEMORANDUM **

Appellant, Richard Emmons ("Appellant"), a Deputy Marshal in Orange County, filed suit under 28 U.S.C. § 1983, al-

---

* The Honorable Robert Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

leging that the Orange County Marshal's Department retaliated against him for the exercise of speech protected under the First Amendment. He challenged several Marshal's Department regulations as facially unconstitutional. Appellant challenges the jury instructions and several evidentiary rulings because the trial judge did not allow him to present evidence of the Appellees' strong resistance to abandoning their unconstitutional regulations.

Appellant also challenges the district court's award of interim attorney's fees, because he was not awarded fees for his successful efforts on appeal, or for time spent pursuing the fee motion itself.

### Contested Evidence and Instructions

Appellant claims that the district court judge abused his discretion by failing to admit evidence of the litigation history of the 1991 regulations, including the facts that two courts had declared the regulations unconstitutional, that the defendants defied court orders and continued to promulgate and enforce them, even after they were ruled unconstitutional, and that numerous injunctions were necessary to enforce the judgment. Rule 403 of the Federal Rules of Evidence allows a trial judge to exercise his discretion to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R.Evid. 403. Evidentiary rulings under Rule 403 are reviewed for abuse of discretion. *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir.1999). Although opinions may vary as to whether the con-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tested evidence should or should not have been admitted, the panel does not find that the district court's exclusion of the contested evidence rises to the level of "abuse of discretion." Nor did the district court abuse its discretion by declining to instruct as to the regulations. Therefore, we affirm the district court's ruling.

### Attorneys' Fees

Attorneys' fees awards in civil rights cases are reviewed for abuse of discretion. *Benigni v. City of Hemet*, 879 F.2d 473, 480 (9th Cir.1988). The district judge must explain how he determined the number of hours reasonably expended and the reasonable hourly rate. *Stewart v. Gates*, 987 F.2d 1450, 1453 (9th Cir.1993). This explanation need not be lengthy, but it must be sufficient to permit meaningful appellate review. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir.1988). If the explanation is not sufficient, we must reverse and remand for a fuller explication of the district court's reasoning. *Stewart*, 987 F.2d at 1454.

Prevailing plaintiffs are entitled to recover attorneys' fees for "all time reasonably expended in pursuit of the ultimate result achieved." *Hensley v. Eckerhart*, 461 U.S. 424, 431, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This includes time spent litigating the attorneys' fees motion itself, *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir.1995), and time spent successfully defending a judgment on appeal. *Stewart*, 987 F.2d at 1454. In this case, the district judge awarded fees for "105.6 hours of pre-appeal and 12.75 post-appeal hours spent on district court proceedings and the permanent injunction at a rate of $200.00 per hour in the amount of $23,320.00," and for "19.5 hours of paralegal time spent on district court proceedings and the permanent injunction at a rate of $50.00 in the amount of $575.00." No other fees were awarded. The district

court provided no explanation for reducing the hourly rate to $200 per hour, or for failing to award fees for time spent on appeal or the fee motion itself. Appellant is entitled to attorney's fees for those activities. Furthermore, Appellant is entitled to fees at his reasonable, requested rate of $350 per hour, unless the district court articulates some reason for awarding fees at a lower rate. Therefore, this issue is remanded to the district court to reconsider its decision, and to explain the basis for the amount of the award the district court ultimately makes, be it $200 or $350 an hour. In addition, the district court shall include compensation for the hours spent on the attorney's fees portion of the interlocutory appeal. This portion of the appeal is AFFIRMED in part and REMANDED for further consideration.

REINHARDT, Circuit Judge, concurring in part and dissenting in part.

I respectfully disagree with the majority's resolution of the Rule 403 issue. The litigation history of the 1991 regulations, and particularly the defendants' stubborn resistance to affording its employees the very First Amendment rights at issue in this case, was the plaintiff's principal evidence that the defendants had both the motive and the intent to suppress First Amendment rights when they disciplined him. In fact, the defendants' intent and motivation was the only issue at trial. Precluding the introduction of the disputed evidence deprived the plaintiff of a fair opportunity to prove his case. At the very least, the evidence should have been admitted to impeach the credibility of the Marshal, who testified that he supported the plaintiff's free speech activities. The district judge excluded the evidence on the ground that its probative value was substantially outweighed by the danger of confusing the jury. I disagree. In this

case, the probative value of the excluded evidence was so important that it far outweighed the countervailing consideration. Moreover, the jury was clearly instructed that it could consider the regulations only as evidence of the defendants' states of mind. Because there was little or no danger of jury confusion, I would hold that the district judge abused his discretion in excluding the critical evidence at issue. I would also hold that the error was prejudicial and would therefore reverse and grant a new trial. I do, however, join in the portion of the majority's disposition relating to attorneys fees.