NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICKAIL MYLES, an individual, | Nos. 23-55487 |
| | 23-3198 |
| Plaintiff-Appellee, | |
| | |
| v. | D.C. No. |
| | 3:15-cv-01985-JAH-BLM |
| COUNTY OF SAN DIEGO, by and through the San Diego Sheriff's Department, a public entity; J. BANKS, Deputy, an individual, | MEMORANDUM* |
| | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted January 15, 2025
Pasadena, California

Before: GOULD, FRIEDLAND, and BENNETT, Circuit Judges.

Defendants-Appellants the County of San Diego and officer Jeremy Banks appeal from the district court's denial of their post-trial motions after a jury found them liable for violations of 42 U.S.C. § 1983, *Monell*,[1] the Bane Act, and for negligence. The district court denied Defendants' motions for qualified immunity

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

and a remittitur or in the alternative a new trial. Defendants also appeal the district court's issuance of discovery sanctions against Defendants and the assessment of attorneys' fees.

We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's denial of qualified immunity and discovery sanctions. We reverse the district court's denial of Defendants' motion for a remittitur or in the alternative a new trial and remand. We vacate the district court's assessment of attorneys' fees.

1. The district court did not err in finding that Defendant Banks was not entitled to qualified immunity. We review the denial of qualified immunity de novo. *See Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023). "Because the jury found for [Myles] on [his] excessive force claims," we "accept the jury's findings of fact, 'including the [Defendants'] subjective intent,' unless the [Defendants] demonstrate that those findings were unsupported by the evidence." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 794 (9th Cir. 2018) (quoting *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 459 (9th Cir. 2013)).

Myles's rights were clearly established. We have recognized that "no particularized case law is necessary for a deputy to know that excessive force has been used when a deputy sics a canine on a handcuffed arrestee who has fully surrendered and is completely under control." *Mendoza v. Block*, 27 F.3d 1357, 1362 (9th Cir. 1994). And we have affirmed that:

2

[T]he use of such weapons (e.g., pepper sprays; police dogs) may be reasonable as a general policy to bring an arrestee under control, but in a situation in which an arrestee surrenders and is rendered helpless, any reasonable officer would know that a continued use of the weapon or a refusal without cause to alleviate its harmful effects constitutes excessive force.

*LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 961 (9th Cir. 2000).

Taking the trial evidence in the light most favorable to Myles, Myles was handcuffed and not resisting arrest when Banks deployed the police dog on him. Our precedent clearly established that deploying a police dog on a handcuffed and fully compliant suspect constituted excessive force.

2. The district court did not abuse its discretion by reinstating Myles's earlier dismissed *Monell* claim as a discovery sanction. We review "the imposition of discovery sanctions under Rule 37 for abuse of discretion." *Henry v. Gill Indus. Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985)). "Findings of fact related to a motion for discovery sanctions are reviewed under the clearly erroneous standard." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1408 (9th Cir. 1990).

Myles argues that the district court's discovery sanction is insulated from our review because the revival of his *Monell* claim "amounts to a denial of partial summary judgment of [his] *Monell* claim, which is *not* reviewable on appeal." Myles is correct that "generally [we] will not review a denial of a summary judgment motion after a full trial on the merits." *Banuelos v. Constr. Laborers' Tr. Funds for*

*S. Cal.*, 382 F.3d 897, 902 (9th Cir. 2004). But that principle does not apply because the sanctions relied on facts that were not subsequently adjudicated by the jury. *See Pavon v. Swift Transp. Co.*, 192 F.3d 902, 906 (9th Cir. 1999). For example, the jury did not decide whether the County withheld relevant evidence.

Turning to Defendants' challenge, the district court did not abuse its discretion by reinstating Myles's *Monell* claim. The Stroh report, for example, is responsive to Myles's discovery request for "[a]ny and all DOCUMENTS which refer to the health, licensing, ownership, possession, control, training, and evaluation of the K-9 which attacked PLAINTIFF during the INCIDENT." The district court did not err in finding that failing to disclose the Stroh report prevented Myles from deposing relevant witnesses. And the Stroh report was relevant to Myles's claim that the County violated *Monell* because it failed "to supervise, monitor or train its employees."

3. The district court did not abuse its discretion in giving a jury instruction that the County concealed evidence. Adverse jury instructions imposed as discovery sanctions are reviewed for abuse of discretion. *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010) (discussing spoliation of evidence sanctions).

First, in discovery Myles requested any and all documents "pertaining to the surveillance of Plaintiff and others." But the County had hired a private investigator "to perform a surveillance of plaintiff to assess" Myles's claimed injuries, which

4

was not disclosed to Myles. Second, the County failed to disclose the Critical Incident Review Board ("CIRB") reports, which were also responsive to Myles's discovery requests. The district court did not err in finding that Myles was prejudiced by those violations.

4. The district court did not give the jury an improper withholding of evidence instruction by misstating that the *defendants*, and not *defendant*, withheld evidence. Defendants did not object to the district court judge's mistaken use of "defendants" rather than, for example, "the County" or "the County defendant." "When a defendant does not object to jury instructions at trial," we "review those instructions for plain error." *United States v. Sanders*, 421 F.3d 1044, 1050 (9th Cir. 2005). "In evaluating jury instructions, 'we consider how the jury would have reasonably understood the challenged instruction in the context of the instructions as a whole.'" *United States v. Moran*, 493 F.3d 1002, 1009 (9th Cir. 2007) (alterations omitted) (quoting *United States v. Warren*, 25 F.3d 890, 897 (9th Cir. 1994)).

The district court judge's misstatement did not render the instructions, taken as a whole, misleading. The sentence preceding the error clarified that "the Court has determined that the County of San Diego willfully concealed evidence in this case." The jury was also told it could consider the challenged instruction in deciding "[w]hether the conduct of the Defendant County of San Diego was a purposeful

attempt to deprive Mr. Myles of his right to a fair trial in this matter," thus making clear that it was referring to the conduct of the County of San Diego.

5. The district court abused its discretion in denying Defendants' motion for a remittitur or in the alternative a new trial. We review for abuse of discretion the district court's decision to deny remittitur or a new trial. *See Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 436, 438 (1996). We review a jury's award of damages for substantial evidence. *In re Exxon Valdez*, 270 F.3d 1215, 1247–48 (9th Cir. 2001).

There is minimal trial evidence of physical trauma to Myles. Myles had no plans for treatment or medication and had no follow-up appointments following the incident. There was little evidence of lasting physical injury to Myles. He did not suffer any permanent impairment from the dog bite apart from some small scars. Myles does not have a reduced physical or intellectual capacity.

Myles's expert testified that Myles may have suffered a traumatic brain injury ("TBI") because Banks struck his head, but Myles was not diagnosed with a concussion, and he did not have further testing. Further, Myles's expert conceded that he was "assuming" that any damage to Myles's brain identified in his examination was due to the incident.

For emotional damage, Myles testified that the incident left him paranoid, despondent, and humiliated. Defendants' expert Dr. Dean Delis testified that Myles

had PTSD, stress, and emotional damage following the incident. But Delis also testified that Myles presented "well within the normal range" for "anxiety, depression, irritability, [and] stress" and that "there w[ere] no findings on the psychological questionnaire of any elevations that would signal significant emotional symptoms and problems." Myles's injuries were not significant enough to warrant $5 million in compensatory damages.

"We have searched for cases in which an appellate court affirmed a comparable damages award on similar facts. We were unable to find any, and [Myles] did not bring any to our attention. Nor did we find any comparable district court cases." *Bell v. Williams*, 108 F.4th 809, 834 (9th Cir. 2024). The difference between Myles's compensatory damages award and the lack of any award even close to this one in any other case with similar or worse injuries "confirms our conclusion" that the jury's award was clearly excessive. *Id.* at 835.

Additionally, Myles's attorneys made improper and prejudicial remarks during opening and closing statements that could have inflamed the jury and prejudicially affected the damages amount. A new trial or remittitur is warranted when attorney misconduct "sufficiently permeate[d] [the] entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Settlegoode v. Portland Pub. Schs.*, 371 F.3d 503, 516–17 (9th Cir.

2004) (quoting *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1984)).

During his opening statement, Myles's attorney stated that "we're going to ask you, obviously, for significant damages for what they did to [Myles], and also for what they need to do to reform and change their policies." This statement could be reasonably interpreted as requesting the jury to punish the County for its policies rather than compensate Myles. In his closing arguments, Myles's counsel also made inflammatory statements, including that "revenge is a dish best served cold," and requesting damages "[n]ot just to make this man whole but to say that the county itself had policies in place that need to change" and that the County "need[ed] to be accountable."

The district court thus abused its discretion in denying Defendants' motion for a new trial or remittitur because the damages award was "grossly excessive or monstrous." *Del Monte Dunes v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996). We therefore remand this case to the district court to give Myles the option

between a remittitur or a new trial on damages only.[2] The maximum amount of any such remittitur to be set by the district court is $1,500,000.[3]

6. Defendants argue that the district court abused its discretion by granting $5,837,820 in attorneys' fees. Because we remand to the district court on the issue of Myles's damages, we vacate the grant of attorneys' fees as a matter of course. *See Idaho Potato Comm'n v. G&T Terminal Packaging, Inc.*, 425 F.3d 708, 723 (9th Cir. 2005). Although we vacate the award, we take the opportunity to identify some concerns with the original grant of attorneys' fees.

First, Myles's attorneys Balaban and Greene submitted insufficient time records. We have found that "abbreviated time records, submitted in a form not reasonably capable of evaluation, do not satisfy the 'burden of submitting detailed time records justifying the hours claimed.'" *Stewart v. Gates*, 987 F.2d 1450, 1453

---

[2] If Myles chooses not to accept the remittitur and chooses to pursue a new trial on damages only, some portions of the liability phase of trial will not be relevant. For example, the district court could not instruct the jury that the County withheld evidence, because that would be irrelevant to damages. And the jury would not hear testimony about Banks's misconduct unrelated to Myles or other officer misconduct that did not involve Myles or the damages suffered by him.

[3] "[T]he Supreme Court has recognized an appellate court's authority to order remittitur of compensatory damages . . . ." *Bell*, 108 F.4th at 831 (citing *Gasperini*, 518 U.S. at 439). We have set the remittitur amount when "objective evidence clearly identified the correct damages amount" and have suggested an upper limit, allowing the district court to set a remittitur amount under that limit, when we lack such evidence. *Id.* at 835. Because we lack objective evidence of Myles's emotional damages, we set an upper limit to the district court's remittitur amount.

(9th Cir. 1993) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). Balaban and Greene's explanations lack any detail of what they did, when they did it, and how long it took. The district court applied a reduction to their hours, but it is hard to evaluate whether that reduction is sufficient given the lack of information in Balaban and Greene's submissions.

Second, Myles's attorneys' rates appear to be on the high end of prevailing rates in San Diego. Myles's attorneys relied on the declaration of Carol Sobel, but in contrast to the firms Sobel surveyed, Myles's attorneys worked for small, local firms, and the subject matter of this case was far less complex. Myles's attorneys' rates are on the high end of Sobel's range, which suggests that their rates may have been set above the prevailing rates in the market.

Third, the district court applied a 1.3x multiplier to Myles's attorneys' lodestar. But there is a "strong presumption that the lodestar is sufficient" and "an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation." *Perdue v. Kenny A.*, 559 U.S. 542, 546, 553 (2010).

The district court awarded a multiplier for three reasons. First, the lodestar did not adequately capture how well Myles's counsel performed. Because of the remittitur, the size of the verdict has changed, so the ultimate verdict may not be outsized compared to the lodestar. Second, the district court reasoned that Defendants' behavior upended Myles's attorneys' preparation and led to

10

considerable effort, stress, and anxiety. These features, however, should already be included in the lodestar. Third, the district court reasoned that Defendants' conduct made the litigation more expensive and high risk. But risk is already built into the attorneys' rates. The district court may have found Defendants' behavior objectionable, but the district court had other remedies at its disposal to deter inappropriate attorney conduct such as monetary and discovery sanctions.

The district court will determine the appropriate attorneys' fees on remand, either following an accepted remittitur, or following a new damages trial. Because the size of the verdict will have changed, and for the other reasons discussed above, the district court will need to reassess its original grant of attorneys' fees.

* * *

We affirm the district court's denial of qualified immunity and discovery sanctions against Defendants.[4] We reverse the district court's denial of Defendants' motion for a new trial or in the alternative a remittitur of damages. We vacate the district court's grant of attorneys' fees as a matter of course. The parties shall each bear their own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART; VACATED IN PART AND REMANDED.**

---

[4] We grant Defendants' motions for judicial notice. No. 23-3198, Dkt. No. 17; No. 23-55487, Dkt Nos. 22, 64. We deny Myles's motion for sanctions. No. 23-55487, Dkt No. 37.