NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KELLY O'KELL,

      Plaintiff - Appellee,

  v.

DOUG BURGUM, in his official capacity
as Secretary of the United States
Department of the Interior,

      Defendant - Appellant.

No. 25-1560

D.C. No.
2:18-cv-00279-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted May 13, 2026
San Francisco, California

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges;
Dissent by Judge Hawkins.

    Plaintiff Kelly O'Kell sued her former employer, the Bureau of Reclamation

("BOR"), under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

§§ 621–634, alleging that the BOR denied her a promotion in favor of a younger

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

candidate and fired her in retaliation for her complaints. After a bench trial, the district court ruled for Plaintiff and awarded her back pay, eleven years of front pay, and equitable relief. This court vacated the front pay award, determining, as relevant here, that the district court failed to consider evidence of Plaintiff's ability to find comparable work in the future. On remand, the district court awarded front pay to Plaintiff for the same eleven-year length of time. Defendant appeals the front pay award and, in the alternative, appeals the district court's denial of Defendant's motion for a new trial on damages. We vacate the front pay award, and we remand for the district court to recalculate front pay consistent with this disposition.

1. The district court abused its discretion by awarding front pay based on the finding that Plaintiff was not reasonably likely to secure a comparable federal job. See Gotthardt v. Nat'l R.R. Passenger Corp., 191 F.3d 1148, 1155–56 (9th Cir. 1999) (reviewing for abuse of discretion an award of front pay and reviewing for clear error the district court's related factual findings). The district court erred in two ways.

a. First, the district court clearly erred by inferring that, based on the record at trial, Plaintiff was not reasonably likely to relocate for work. That inference finds no support in the record. Plaintiff engaged in a nationwide job search, reflecting a clear willingness to relocate for a comparable federal position. Indeed,

she accepted a preliminary job offer in West Virginia that was later rescinded. Additionally, Plaintiff expressed a willingness to return to Ohio but could not do so because she could not "afford to move to Ohio right now." At trial, Plaintiff explained that she rejected a federal job in Fort Irwin, California, because of concerns specific to that location, such as the length of the daily commute. But Plaintiff stated that "there are a lot of other jobs in the world you don't have to drive that far for." No evidence at trial suggested that Plaintiff was no longer willing to relocate for a comparable federal job.[1]

At oral argument, Plaintiff asserted that her expert's calculation of damages if she did not move, as an alternative to his calculation of damages if she had accepted the job in Fort Irwin, provided evidence of her unwillingness to move. But an expert's calculations are relevant only insofar as there is competent evidence of the facts underlying the scenario at hand. For instance, an expert might make two calculations concerning damages for a leg injury, one if the leg

---

[1] Unlike the Fourth Circuit in Spagnuolo v. Whirlpool Corp., 717 F.2d 114, 119 (4th Cir. 1983), we have not adopted a per se rule that an employee need not seek employment that requires relocation in order to mitigate damages. Instead, the reasonableness of an employee's mitigation efforts is a question of fact, Jackson v. Shell Oil Co., 702 F.2d 197, 202 (9th Cir. 1983), to be evaluated considering "the particular circumstances and characteristics" of the employee, EEOC v. Pape Lift, Inc., 115 F.3d 676, 684 (9th Cir. 1997). On this record, Plaintiff's particular circumstances and characteristics include a demonstrated willingness to relocate. Moreover, we do not read the Fourth Circuit's opinion as precluding consideration of distant jobs in the analysis of mitigation if the employee is willing to move.

will heal in a year and one if the leg must be amputated. The expert's calculations do not make either scenario more likely as a factual matter. Cf. McGlinchy v. Shell Chem. Co., 845 F.2d 802, 806–07 (9th Cir. 1988) (affirming the district court's exclusion of expert damages calculations that lacked a "basis in the record"); United States v. Various Slot Machs. on Guam, 658 F.2d 697, 700–01 (9th Cir. 1981) (holding that an expert's opinion is not, in itself, evidence capable of defeating summary judgment unless it is supported by "specific facts").

Furthermore, Plaintiff's request for a clean employment file reflects that she planned to pursue federal employment. The district court therefore clearly erred by inferring that federal jobs do not exist in locations where Plaintiff is willing and able to work. And any financial obstacle posed by relocating can be eliminated by an award of reasonable relocation expenses.

b. Second, the district court erred by finding that Plaintiff's age at the time of trial and her retaliatory termination made it less likely for her to secure comparable employment. Courts may consider a plaintiff's age in determining how long the plaintiff's job "was reasonably certain to have continued" absent the defendant's discriminatory conduct. Teutscher v. Woodson, 835 F.3d 936, 948–49 (9th Cir. 2016). But it is unduly speculative to infer, without any evidence in the record, that federal employers are less likely to hire Plaintiff due to her age or prior protected activity, in violation of the ADEA. Cf. Or. State Police Officers Ass'n v.

25-1560

Peterson, 979 F.2d 776, 778 (9th Cir. 1992) (declining to assume, when analyzing standing, that "units of government will violate the law"). And the record contradicts the district court's inference: Plaintiff was offered the Fort Irwin job mere weeks before trial.

2. On remand, the district court shall calculate front pay until July 9, 2023, six months after Plaintiff received a clean employment file. Within six months after her employment was terminated, Plaintiff received a preliminary offer for a comparable federal job—an offer that was rescinded only because of Plaintiff's employee file. Accordingly, on this record, Plaintiff was likely to secure comparable employment within six months of receiving a clean employment file. See Gotthardt, 191 F.3d at 1157 ("The purpose of front pay . . . is to ensure that a person who has been discriminated against . . . is made whole, not to guarantee every claimant who cannot mitigate damages by finding comparable work an annuity to age 70." (alterations in original) (citation omitted)).

The front pay award shall be calculated as the full salary that Plaintiff would have received at the BOR until July 9, 2023, plus the value of the benefits she would have accrued up to that date, plus reasonable relocation expenses.

3. Because we vacate the front pay award, we do not reach Defendant's

alternative request for a new trial on damages.[2]

    4. Plaintiff's request pursuant to 28 U.S.C. § 2412(b) for attorneys' fees and costs associated with this appeal is denied, because Plaintiff is not the prevailing party on appeal. See Poland v. Chertoff, 494 F.3d 1174, 1186 (9th Cir. 2007) (explaining that § 2412(b) "entitles the 'prevailing party' in any civil action against the United States, its agencies, or its officials to attorneys' fees and expenses"); cf. Stewart v. Gates, 987 F.2d 1450, 1454 (9th Cir. 1993) (holding that plaintiffs "are not entitled to fees" under 42 U.S.C. § 1988 "for work performed in their unsuccessful defense of the district court award").

**AWARD OF FRONT PAY VACATED; REMANDED for further proceedings consistent with this disposition. The parties shall bear their own costs on appeal.**

---

[2] We therefore deny as moot Defendant's motion to supplement the record, Dkt. No. 37.

FILED

MAY 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*O'Kell v. Burgum*, No. 25-1560

HAWKINS, Circuit Judge, dissenting.

The core issue here is whether the district court clearly erred when it determined on remand that Kelly O'Kell was not reasonably likely to relocate anywhere in the United States for comparable work. To be sure, the record contains instances in which she sought and even accepted such work (the Huntington, West Virginia job, which was withdrawn before the district court ordered her disciplinary record be wiped clean). On the other hand, she later declined a position at a military installation in the Mohave Desert, some substantial distance from her home in the state of Washington. Had the district court, which has had this case for seven years, including a bench trial, concluded that O'Kell <u>was</u> reasonably likely to relocate anywhere, I would have affirmed without hesitation.

But that is not what occurred here. Considering all the evidence, an experienced district judge, who heard testimony himself, instead concluded that a sixty-five-year-old federal worker with an otherwise spotless employment record, whose savings had been exhausted putting her daughter through school, who was discriminated against and unlawfully terminated, was not reasonably likely to relocate to anywhere in the country. I cannot say this was clear error.

The current standard places victims of employment discrimination in a position where they must not only take measures to mitigate harm by diligently

searching for employment—which naturally pushes them to search broadly—but also accept employment anywhere that corresponds to the breadth of their search. This risks leaving discriminated workers in a worse place than they were, at no fault of their own. We could avoid all of this by adopting the Fourth Circuit's standard. *Spagnuolo v. Whirlpool Corp.*, 717 F.2d 114, 119 (4th Cir. 1983) ("The long-settled rule in the labor area is that a wrongfully discharged employee need not accept, in mitigation of damages, employment that is located an unreasonable distance from his home.").